UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TERRY RAY HAWES,

    Plaintiff,

v.

MARIN COUNTY SHERIFF DEPARTMENT, and ROBERT DOYLE,

    Defendants.

         /

No. C 13-1711 JCS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. After review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before October 15, 2013.

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

1 be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.
2 § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*
3 *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4     A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim
5 to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)
6 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial
7 plausibility when the plaintiff pleads factual content that allows the court to draw the
8 reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting
9 *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions
10 cast in the form of factual allegations if those conclusions cannot reasonably be drawn from
11 the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).
12 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
13 (1) that a right secured by the Constitution or laws of the United States was violated, and
14 (2) that the alleged violation was committed by a person acting under the color of state law.
15 *See West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **B.**    **Legal Claims**

17     Plaintiff's complaint alleges various First, Eighth, and Fourteenth Amendment claims
18 against various named and unnamed defendants. The complaint is DISMISSED with leave
19 to amend for two reasons. First, plaintiff must name each specific defendant, and allege
20 sufficient facts showing how that specifically-named defendant violated his rights. Simply
21 naming Marin County and the Marin County Sheriff as defendants, or making broad,
22 conclusory, undetailed allegations, is not sufficient.

23     Second, plaintiff may join in this action only those parties if the claims against them
24 arise from the same set of operative facts. Parties may be joined as defendants in one action
25 only "if any right to relief is asserted against them jointly, severally, or in the alternative with
26 respect to or arising out of the same transaction, occurrence, or series of transactions or
27 occurrences; and any question of law or fact common to all defendants will arise in the

action." Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person — say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions — should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Simply put, plaintiff must choose **one** set of claims to pursue in the present action, e.g., his medical claims, **or** his religious claims, **or** his due process claims. Relief for the claims he chooses not to pursue in this action may be raised in separate civil rights actions.

**Plaintiff shall file an amended complaint on or before October 25, 2013.** The first amended complaint must include the caption and civil case number used in this order (13-1711 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must also address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: September 11, 2013

JOSEPH C. SPERO
United States Magistrate Judge